IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

The UNITED STATES OF AMERICA  :
f/u/b/o  :
McDonnell Landscape, Inc.  :
20315 Georgia Avenue  :
Brookeville, MD 20833  :
 :
    Use Plaintiff/Plaintiff  :
 :
v.  :    Civil Action No. _____
 :
The Continental Insurance Company  :
333 S. Wabash Avenue  :
Chicago, IL 60604  :
Serve: ANY AUTHORIZED PERSON  :
 :
AND  :
 :
Liberty Mutual Insurance Company  :
175 Berkeley Street  :
Boston, MA 02116  :
Serve: ANY AUTHORIZED PERSON  :
 :
    Defendants  :

## MILLER ACT COMPLAINT

Use Plaintiff/Plaintiff, McDonnell Landscape, Inc. ("McDonnell"), by and through its counsel, Thomas S. Rand, Jr., Richard M. Sissman and the law firm of Fracassi Mahdavi Sissman & Rand LLP, and files suit against Defendants, The Continental Insurance Company ("Continental"), and Liberty Mutual Insurance Company ("Liberty Mutual") and alleges the following:

### I. PARTIES

1. Plaintiff McDonnell Landscape, Inc., is a Maryland corporation active and in good standing in the District of Columbia.

2. Upon information and belief, Continental is a licensed Surety Company that is authorized to conduct business in the District of Columbia although it does not list a resident agent therein, and may be served through any authorized person in its office as listed in the Miller Act bond pertinent hereto.

3. Upon information and belief, Liberty Mutual is a licensed Surety Company that is authorized to conduct business in the District of Columbia although it does not list a resident agent therein, and may be served through any authorized person in its office as listed in the Miller Act bond pertinent hereto.

## II. JURISDICTION

4. This Court has jurisdiction over the allegations contained herein pursuant to 40 U.S.C. §3131(b) and 28 U.S.C. §1331("Miller Act").

## III. VENUE

5. Venue is proper in this jurisdiction because the contract at issue was performed and executed at the Smithsonian Institution, Natural Museum of American History, located in the District of Columbia. Venue therefore lies in the United States District Court for the District of Columbia pursuant to 40 U.S.C. §3133(b)(3)(B) and 28 U.S.C. §1391(b)(2) & (3).

## IV. BACKGROUND

The Project

6. Upon information and belief, Grunley Construction Company ("Grunley"), acting as Prime Contractor, entered into a construction contract with the United States of America for a construction project generally known as Public Space Renewal Project Phase 3 (PSRP III),

Smithsonian Institution Natural Museum of American History, located in the District of Columbia ("Project").

7. Grunley entered into a subcontract agreement with McDonnell to perform work upon the Project, as set forth in the Subcontract Agreement attached hereto as **Exhibit A**.

8. McDonnell's scope of work was landscaping and irrigation, including soils, site work, excavation and dewatering.

9. In connection with the Project, Grunley provided the United States of America, a Payment Bond ("Bond"), No. 929490776 / 017033541, in the penal amount of Five Million Dollars ($5M) on a contract date of July 7, 2010, Contract No. F10CC10358.

10. Pursuant to the Bond, as required under the Miller Act, Continental and Liberty Mutual agreed to be "bound" jointly and severally, with Grunley, to make payment to all persons having a direct contractual relationship with Grunley or any subcontractor of Grunley who furnished any labor, materials or equipment to the Project in the event that Grunley failed to make prompt payment to such persons.  A copy of the Bond is attached hereto as **Exhibit B**.

11. McDonnell commenced its work upon the Project on or about October 10, 2014 and completed its work on or about December 22, 2014.  Copies of McDonnell's final Payment Application No. 26; and certified payrolls and change order invoices are collectively attached hereto as **Exhibit C**.

12. Grunley failed to pay McDonnell for the materials and services supplied by McDonnell that was used in the prosecution of the work upon the Project.

13. The amount due and owing to McDonnell for material and services that were used in the prosecution of the work upon the Project is Fifty Seven Thousand Eight Hundred and Seven Dollars exactly ($57,807.00).

14. On or about April 15, 2015, McDonnell forwarded its Miller Act Bond Demand ("Notice") to Continental, Liberty Mutual, and the Smithsonian Institution via certified mail return receipt requested. Grunley was served via Federal Express. A copy of the Notice along with proofs of service upon the respective Parties is collectively attached hereto as **Exhibit D**.

15. McDonnell has submitted its claim for payment under the Bond but Continental, Liberty Mutual, and Grunley have failed to pay McDonnell for the demanded amount.

## COUNT I
### (Miller Act Payment Bond)

16. McDonnell incorporates the foregoing allegations by reference as though fully set forth in this Count.

17. McDonnell provided its materials and services to the Project that were used in the prosecution of the work therein.

18. Pursuant to the terms of the Bond, Continental and Liberty Mutual owe McDonnell the amount of Fifty Seven Thousand Eight Hundred and Seven Dollars exactly ($57,807.00) for materials and services that it used in the prosecution of the work upon the Project.

19. Pursuant to the Bond and the Miller Act, 40 U.S.C. §3133, Continental and Liberty Mutual must pay McDonnell for the materials and services that McDonnell furnished to the Project that were used in the prosecution of the work upon the Project, and for which neither Grunley, nor Continental and Liberty Mutual has made payment.

20. In accordance with 40 U.S.C. §3133 a person having a direct contractual relationship with the contractor furnishing the Payment Bond, may bring a civil action on the Payment Bond within one year from the date on which the person did or perform the last of labor or furnished or supplied the last of the material for which the claim is made."

21. This action is timely as McDonnell has filed its Suit within one (1) year after the day on which it last provided material and/or services to the Project. More than ninety (90) days has passed without payment, since McDonnell provided the materials and services to the Project.

22. McDonnell has satisfied all conditions precedent to the filing of this action, if any.

WHEREFORE, McDonnell Landscape, Inc. requests that this Court enter Judgment in favor of it and against The Continental Insurance Company and Liberty Mutual Insurance Company, jointly and severally, in the amount of Fifty Seven Thousand Eight Hundred and Seven Dollars exactly ($57,807.00) plus pre and post judgment interest, costs and for any other relief that this Court deems just and proper.

Exhibits:
A: Subcontract
B: Payment Bond
C: Payment Application, Payroll and Invoices
D: Bond Claim Notice & Proofs of Service

Respectfully submitted,

/s/ Thomas S. Rand, Jr.

Thomas S. Rand, Jr. -- D. C. Bar No. 416311
tomrand@us.net

/s/ Richard M. Sissman

Richard M. Sissman -- D. C. Bar No. 407146
Fracassi Mahdavi Sissman & Rand LLP
600 Jefferson Plaza, Suite 308
Rockville, MD  20852
(301) 762-0402   (301) 762-3027 (FAX)
rsissmanesq@his.com

*Counsel for Use Plaintiff/Plaintiff*

ComplaintBondNAMH.wpd